89 F.3d 836
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES, Plaintiff-Appellee,
v.
Chauncy GRAY, Defendant-Appellant.
 No. 95-5521.
 United States Court of Appeals, Sixth Circuit.
 June 17, 1996.
 
 On Appeal from the United States District Court for the Western District of Tennessee, No. 92-20301; Jon P. McCalla, Judge.
 W.D.Tenn.
 AFFIRMED.
 Before: NORRIS and SUHRHEINRICH, Circuit Judges; WELLS, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Chauncy Gray was convicted by a jury of conspiring to possess with intent to distribute cocaine. On appeal he raises various challenges to his criminal conviction and sentence. For the following reasons, we AFFIRM.
 
 I.
 
 2
 Defendant, his brother Alvin Gray, and Austin Webb were charged in a one-count indictment with conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846 between February 4 and February 5, 1991, as a result of a reverse-sting operation carried out by the Arkansas-Louisiana-Texas Narcotics Task Force and Memphis, Tennessee. Defendant's first trial ended in a mistrial. Upon retrial, he was convicted by a jury and later sentenced to 264 months incarceration, followed by five years of supervised release.
 
 II.
 A.
 
 3
 Defendant correctly argues that a conspiracy cannot be proven by mere agreement between a defendant and government agent, United States v. Barger, 931 F.2d 359, 369 (6th Cir.1991), but here there is ample proof that Gray conspired with two bona fide conspirators, his brother, Alvin, and Austin Webb. See United States v. Medina, 992 F.2d 573, 582 (6th Cir.1993) (sale of cocaine to coconspirator who was government agent did not defeat existence of conspiracy where defendant also conspired with several bona fide conspirators), cert. denied, 114 S.Ct. 1049 (1994). Webb testified that he entered into an agreement with Chauncy Gray to bring seven to ten kilos from Texas to Memphis (J.A. 301), and that he brought the "dope down to Chauncy" on February 4, 1991. (J.A. 302.) Webb also testified that after the first deal fell through, Gray contacted him and told him to come back to Memphis to deal. (J.A. 304.) Alvin Gray testified that on February 5, 1991, he went with defendant to the Brownstone Hotel "to try to look into a deal that Chauncy and Austin Webb had put together," (J.A. 142), and that "[w]e went to try to make a [drug] deal." (J.A. 144.) Alvin also stated that defendant "was really relying on Austin, and Austin told him it was some of his friends, and they was going to the Brownstone Hotel to try to trade my car for some drugs." (J.A. 143.) The fact that a deal was never consummated is irrelevant. The crime of conspiracy was complete when the coconspirators agreed to deal drugs. See United States v. Ledezma, 26 F.3d 636, 640 (6th Cir.) (agreement is essence of conspiracy), cert. denied, 115 S.Ct. 349 (1994). The evidence is sufficient to support defendant's conviction.
 
 B.
 
 4
 After examining the five factors relevant to evaluating defendant's predisposition, see United States v. Nelson, 922 F.2d 311, 317 (6th Cir.1990), cert. denied, 499 U.S. 981 (1991), the district court found, on balance, that defendant had not met his burden of entitlement to an entrapment instruction. Our review of the record confirms the trial court's view. The record reflects that the nature of the government's inducement was simply to provide defendant with the opportunity to commit the drug deal, which according to the Supreme Court, is not entrapment. Jacobson v. United States, 503 U.S. 540, 548 (1992); Nelson, 922 F.2d at 317. Because Gray did not present evidence sufficient to support a defense of entrapment, the district court did not err by refusing to issue the requested instruction.
 
 C.
 
 5
 In concluding that defendant was responsible for in excess of fifteen kilograms,[1] the district court counted the seven kilograms charged in the indictment, fourteen kilograms attested to by witness McCaster and unspecified amounts of cocaine purchased by witness Windom. We review a district court's decision that particular drug transactions count as relevant conduct de novo. United States v. Hill, 79 F.3d 1477, No. 95-5246, 1996 WL 137507, at * 2 (6th Cir. Mar. 28, 1996).
 
 
 6
 We agree with defendant that there was no proof in the record that defendant was "reasonably capable" of producing the money for the seven kilograms, given defendant's repeated attempts to get the officers to front him only a kilogram of cocaine. See U.S.S.G. § 2D.1, comment. (n. 12) (Nov. 1994). However, assuming only two of the seven kilograms listed in the indictment could fairly be attributed to defendant, the net effect is the same when the fourteen kilograms are counted. See U.S.S.G. § 2D1.1(c)(3) (providing for base offense level of 34 for "[a]t least 15 KG but less than 50 KG of Cocaine"). The fourteen kilograms attested to by McCaster constitute "relevant conduct" as part of "the same course of conduct." U.S.S.G. § 1B1.3(a)(2). Hill,at * 3; United States v. Miller, 910 F.2d 1321, 1326-27 (6th Cir.1990), cert. denied, 498 U.S. 1094 (1991). Though Windom and McCaster were purchasers, not suppliers, of defendant, the drug was the same, cocaine; and McCaster generally purchased a kilogram at a time (see J.A. 491-92), which correlates with the quantity defendant was trying to obtain from the officers.
 
 
 7
 Defendant's contention that the admission of McCaster's and Windom's trial testimonies at sentencing violated his due process rights is without merit.
 
 D.
 
 8
 The district court did not abuse its discretion in excluding evidence of prior harassment by the Memphis Police Department as too "tangential" (J.A. 464) to be relevant. See United States v. Hawkins, 969 F.2d 169, 174 (6th Cir.1992) (standard of review for relevancy determinations is abuse of discretion), cert. denied, 506 U.S. 1069 (1993). Further, the court's ruling that the evidence was inadmissible under 404(b) because even if relevant, its prejudicial effect outweighed its probative value is likewise not an abuse of discretion. Fed.R.Evid. 403; United States v. Gessa, 971 F.2d 1257, 1261-62 (6th Cir.1992) (en banc) (district court's determination that "other acts" evidence is more probative than prejudicial under Rule 403 is reviewed for abuse of discretion).
 
 E.
 
 9
 The testimony of witnesses Alvin Gray, Jesse Windom, and Shelby McCaster does not violate Fed.R.Evid. 608(b). The evidence was introduced not to demonstrate defendant's general character for untruthfulness, see United States v. Opager, 589 F.2d 799, 801 (5th Cir.1979) (applicability of Rule 608(b) to exclude extrinsic evidence of witness' conduct is limited to cases where evidence is introduced to show witness' general character for untruthfulness), but rather to rebut defendant's inaccurate account of his post-prison conduct. United States v. Petway, No. 90-6050, 1991 WL 78697 (6th Cir. May 15, 1991) (unpublished) (per curiam); United States v. Leavis, 853 F.2d 215, 220 (4th Cir.1988) (prosecution was entitled to rebut false impression defendant was creating by his testimony that he had had no prior contact with drug dealers). Cf. Harris v. New York, 401 U.S. 222, 225 (1971) (having voluntarily taken the stand, defendant is under obligation to testify truthfully; prosecution did not err in utilizing prior inconsistent statements to impeach him).
 
 F.
 
 10
 Gray's remaining arguments do not merit discussion.
 
 
 11
 AFFIRMED.
 
 
 
 1 U.S.S.G. § 2D1.1(c)(3) gives a base offense level of 34 for at least fifteen kg but less than fifty kg of cocaine. Defendant also received a two-point enhancement for obstruction of justice. With a total offense level of 36, and a Criminal History Score of III, defendant's sentence was set at 235 to 293 months incarceration.