UNITED STATES of America,
Plaintiff–Appellee,

v.

Chauncy GRAY, Defendant–Appellant.

No. 01–5938, 01–5899, 01–5900.

United States Court of Appeals,
Sixth Circuit.

Sept. 26, 2001.

Before NELSON and MOORE, Circuit Judges; KATZ, District Judge.*

The defendant, Chauncy Gray, appeals a district court order denying his motion for release pending his new trial. This panel unanimously agrees that the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

Gray has been found guilty by a jury on a charge of conspiracy to possess with intent to distribute seven kilograms of cocaine in violation of 21 U.S.C. § 846 and sentenced to a 264–month term of incarceration. His conviction was affirmed on direct appeal in *United States v. Gray,* 1996 WL 338657 (6th Cir.1996). On May 31, 3001, the district court entered an order granting Gray a new trial based upon a denial of due process. *See United States v. Gray,* 147 F.Supp.2d 902 (W.D.Tenn. 2001). The government has appealed the May 31 order and Gray has filed a cross-appeal. Those appeals, docketed as Case Nos. 01–5899 and 01–5900, are currently pending before this court.

The present appeal is from a district court ruling, entered on June 21, 2001, denying Gray's motion for release pending his new trial. The statute governing release or detention of a defendant pending

sentence or appeal, 18 U.S.C. § 3143, states that:

> The judicial officer shall treat a defendant in a case in which an appeal has been taken by the United States under § 3731 of this title, in accordance with section 3142 of this title, unless the defendant is otherwise subject to a release or detention order.

18 U.S.C. § 3143(c). The government's pending appeal in Case No. 01–5899 is taken pursuant 18 U.S.C. § 3731, which provides in relevant part:

> In a criminal case an appeal by the United States shall lie to a court of appeals from a decision, judgment, or order of a district court ... granting a new trial after verdict or judgment....

Therefore, Gray argues, 18 U.S.C. § 3143 is controlling, and he is entitled to release in accordance with 18 U.S.C. § 3142.

Under § 3142(e), a defendant shall be detained pending trial if, after a hearing, the judicial officer finds that no condition or set of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community. The factors to be considered in determining whether to release a defendant pending trial are set forth in 18 U.S.C. § 3142(g) and include: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.

Gray is charged with an offense that gives rise to the statutory presumption in 18 U.S.C. § 3142(e). Subject to rebuttal by the defendant, if the judicial officer

---

* The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

finds there is probable cause to believe that the person committed an offense for which a potential maximum term of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 et seq., it is presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community.

■ Gray argues that this statutory presumption does not apply because the government did not move for his detention pursuant to 18 U.S.C. § 3142(f). We find no support for this argument. To the extent that § 3142(f) might be applicable to the facts of the present case, the government's failure to move for Gray's detention did not operate to negate the presumption in § 3142(e). The Supreme Court has held that

> Neither the timing requirements nor any other part of the [Bail Reform] Act can be read to require, or even suggest, that a timing error must result in release of a person who should otherwise be detained.

*United States v. Montalvo–Murillo,* 495 U.S. 711, 716–17, 110 S.Ct. 2072, 109 L.Ed.2d 720 (1990).

■ The presumption in § 3142(e) shifts the burden of production to the defendant to show that his release would not pose a flight risk or a danger to any person or the community, but the government retains the burden of persuasion. Gray complains that he was prevented from presenting evidence at the June 21 hearing in support of his release. That evidence apparently would have consisted of testimony by two of Gray's relatives who are willing to allow him to live with them pending his new trial. Such evidence is not sufficient to rebut the presumption in favor of detention. Gray has been found guilty by a jury based on evidence characterized by the district court as "overwhelming," sentenced to a lengthy term of incarceration, and granted a new trial solely as a remedy for excessive delay. The presumption in favor of detention does not vanish simply because a defendant comes forward with evidence to rebut it. Were the presumption to vanish, "courts would be giving too little deference to Congress' findings regarding this class." *United States v. Martir,* 782 F.2d 1141, 1144 (2d Cir.1986). The court may continue to give the presumption some weight by keeping in mind that Congress has determined "that drug offenders pose a special risk of flight and dangerousness to society." *United States v. Hare,* 873 F.2d 796, 798–99 (5th Cir. 1989). Although the district court did not issue written findings of fact and a written statement of reasons for the detention, *see* 18 U.S.C. § 3142(h)(1), "such failure is not necessarily reversible error if the record clearly supports the district court's ultimate conclusions." *United States v. Jackson,* 823 F.2d 4, 6 (2d Cir.1987).

Upon review, we conclude that the district court's decision to deny the defendant's motion for release pending re-trial was not in error. The district court's June 21 ruling denying release is AFFIRMED. The clerk is directed to expedite briefing and submission of the appeal and cross-appeal in Case Nos. 01–5899 and 01–5900.